a machine, which printed tickets, and at the same time recorded the amount received and registered the sale, was something more than a printing press.

Under the principle enunciated in all of the cited cases, the monophoto machine, by reason of its dual functions heretofore set forth, is something more than a typesetting machine and, therefore, is excluded from classification under the provision for such machines in paragraph 1643, *supra*.

For all of the reasons hereinabove set forth, we hold that the monophoto machine discussed herein is neither dutiable within the tariff provisions for photographic cameras and parts thereof, invoked by the collector, nor classifiable as free of duty under the provision for typesetting machines, as alleged by plaintiff.

This monophoto machine is operated by an electric motor and has other essential electrical features. It is, therefore, properly classifiable under the provision in paragraph 353, as modified, *supra*, for "Articles having as an essential feature an electrical element or device, such as electric motors, * * *, finished or unfinished, wholly or in chief value of metal, and not specially provided for." Plaintiff's uncontradicted evidence is sufficient to establish that the items involved herein are parts of such an article, but since the provision in said modified paragraph 353 is limited to merchandise composed wholly or in chief value of metal, classification thereunder will not apply to the items identified on the invoice as "Vyback Sheets" of various sizes, "dust cover," "dust cover for correction device," and " 'Selvyt' Cloths," which are concededly not composed of metal. All other merchandise, assessed with duty either at the rate of 15 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, as modified, or at the rate of 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, is dutiable at the rate of 13¾ per centum ad valorem under paragraph 353, as modified, *supra*, as claimed by plaintiff, and we so hold.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, MAY 25, 1961

No. 65691.—Auto Imports, Inc. *v.* United States, protest 60/10547 (Los Angeles).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of overriders in chief value of metal and that said articles are essential parts of automobiles, the claim of the plaintiff was sustained.

No. 65692.—Andrew Fisher Cycle Co., Inc. *v.* United States, protest 60/31179 (Norfolk).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 65693.—Sears, Roebuck and Co. *v.* United States, protests 61/4675, 61/4676, and 61/4677 (Philadelphia).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 65694.—Castelazo & Associates, a/c Marshal McMurray Co. *v.* United States, protests 58/21135(B), 59/3158(A), and 59/5492(B) (Los Angeles).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise consists of brass drapery hardware similar in all material respects to that the subject of *Kroder Reubel Co., Inc., et al.* v. *United States* (44 Cust. Ct. 274, C.D. 2186), the claim of the plaintiff was sustained.

No. 65695.—Eli E. Albert, Inc. *v.* United States, protest 59/16763 (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the items of merchandise marked "A-2" consist of electrically operated vacuum cleaners similar in all material respects to those involved in *United States* v. *Electrolux*